## APPEAL OF THE LANCASTER CO. N. BANK.

[HERR ET AL. v. HERR ET AL.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 17, 1888—decided October 1, 1888.

A mortgage absolute on its face but, under a written stipulation by the mortgagee, held " as collateral security for my indorsement of a note . . . . . dated this day . . . . . and also for my indorsement or indorsements of any other notes, or renewal of such notes hereafter to be made by me; and I promise and agree to satisfy said mortgage whenever said . . . . . pays any and all notes upon which I may be liable as indorser for him, at his request," is protective of a subsequent indorsement of a note used as one of a series of renewals of a note first indorsed by the mortgagee before the date of the mortgage.

Before GORDON, C. J., PAXSON, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY and STERRETT, JJ., absent.

No. 38 July Term 1888, Sup. Ct.; court below, No. 28 October Term 1886, C. P.

On October 20, 1886, a proceeding by breve de partitione facienda, wherein A. G. Herr et al. were plaintiffs and John G. Herr et al. were defendants, had so advanced that an order was then made for the sale of the lands on a date certain, the purchase money to be payable on April 1, 1887. On April 23, 1887, the purchase money having been paid into court, Mr. H. C. Brubaker was appointed auditor to report a distribution thereof.

By the second report of the auditor, filed March 19, 1888, it was shown that the controversy decided in this case arose out of the facts following:

On August 22, 1884, the Lancaster County N. Bank discounted a note for $450, made by Benjamin G. Herr and indorsed by his uncle Henry F. Herr.

On February 21, 1885, Benjamin G. Herr executed and delivered to Henry F. Herr a mortgage dated February 20th, for $4,000, upon the mortgagor's interest in the lands afterwards the subject of the partition proceedings referred to; recorded. This mortgage was absolute on its face, but on the day of its delivery, the mortgagee executed and delivered to the mortgagor the following paper:

"Whereas, Benjamin G. Herr has this day delivered to me a mortgage on his reversionary interest on certain real estate in West Hempfield Township for four thousand dollars; now this is to certify that I hold said mortgage as collateral security for my indorsement of a note of said Benjamin G. Herr for $1,050.00, dated this day and discounted for him by the First National Bank of Lancaster, and for my indorsements of any renewal or renewals of said note and also for any indorsement or indorsements of any other notes or renewal of such note or notes hereafter to be made by me; and I promise and agree to satisfy said mortgage whenever the said Benjamin G. Herr pays any and all notes upon which I may be liable as indorser for him, at his request."

The note of August 22, 1884, was still unpaid. It had been renewed at the Lancaster County N. Bank at regular intervals of thirty, sixty or ninety days, until May 26, 1887, when the last renewal note, dated April 23, 1887, was dishonored and notice of non-payment given to the indorser.

On June 18, 1887, Henry F. Herr executed and delivered to the Lancaster County N. Bank an assignment, referring to the number and term of the said partition proceedings, of "all moneys coming to me in the above case, in part payment of notes made or indorsed by me and held by said bank," and directed the prothonotary of the Court of Common Pleas to pay accordingly.

On October 11, 1887, Benjamin G. Herr executed and delivered to Abraham G. Herr an assignment of all moneys to be awarded to him out of the fund for distribution.

Auditor's Report.

On and prior to November 16, 1887, Henry F. Herr had paid to the First N. Bank of Lancaster notes upon which he was indorser for Benjamin G. Herr, as follows:

| | |
|---|---:|
| Note, dated September 11, 1886, at 60 days, | $1000.00 |
| Note, dated October 4, 1887, at 90 days, | 300.00 |
| Note, dated September 15, 1887, at 60 days, | 175.00 |
| | 1475.00 |

After finding the facts above stated, the auditor's report proceeded:

The fund for distribution is comprised of the two shares of the said Abraham G. Herr and Benjamin G. Herr, each $1,750.86, total fund, $3,501.72. The Lancaster County National Bank claims, under the transfer from Henry F. Herr, the payment out of this fund of the note of $442.95, with protest and interest, as well as the notes paid by said Herr to the First National Bank. The counsel for Abraham G. Herr object to the payment of the note of $442.95, because the original note, of which the note in question is a renewal, antedates the mortgage of Benjamin G. Herr to Henry F. Herr, and the transfer.

It is conceded that the notes paid to the First National Bank are covered by the mortgage and transfer.

It will be seen that the Lancaster Co. N. Bank has no transfer of the mortgage. It has simply a transfer of Henry F. Herr's interest in the fund for distribution at the former audit. This leads us to the question, whether Henry F. Herr held the mortgage as collateral security for any antecedent indorsements.

The express terms of the contract between the mortgagor and the mortgagee, as explained by the certificate accompanying it of date February 21, 1885, is in these words: "I hold said mortgage as collateral security for my indorsement of a note of said Benjamin G. Herr for $1,050.00 dated this day and discounted for him by the First National Bank of Lancaster, and for my indorsement of any renewal or renewals of said note and also for any indorsement or indorsements of any other notes or renewals of such note or notes hereafter to be made by me." It expressly refers to the note indorsed by the mortgagee on that date, and to future indorsements by him. The note in question was dated August 22, 1884, five months prior to the

date of the mortgage. The main question in this case, there-fore, seems to be, are the renewals of this note covered by the contract above referred to by the auditor?

Again, we refer to the terms of the contract for answer, and find that the indorsements are limited to indorsements of "notes or renewals of such notes hereafter to be made by me." There is no ambiguity apparent on the face of the instrument. The language is plain and the subject matter clearly expressed. No testimony has been produced, nor attempt made to prove that there was either a mistake or fraud on the part of either of the original parties to the contract. What interest, there-fore, has the bank, the transferee of Henry F. Herr's interest, in the fund? Can there be but one reply to this question? The stream cannot run higher than its source. The bank, in the opinion of the auditor, must stand or fall by the title of its grantor. If this view is correct, the bank is not entitled to payment of the note of $442.95 out of the fund for distribution.

It can hardly be necessary, therefore, to refer to the well-established principle, that a creditor taking a chose in action as collateral security for a pre-existing debt is not a purchaser for value. The case of Ashton's Appeal, 73 Pa. 162, and au-thorities therein cited by the court, clearly establishes this rule. Nor is it necessary to consider the question raised by the ad-verse counsel to this claim, that the renewal of a note does not renew the consideration.

To the distribution reported, the Lancaster Co. N. Bank excepted that the auditor erred in rejecting the claim for pay-ment of the note of April 23, 1887, maturing May 26, 1887.

On April 14, 1888, the court, LIVINGSTON, P. J., dismissed said exception and confirmed the report of the auditor. There-upon the exceptant took this appeal and assigned the order dismissing the exception, etc., as error.

*Mr. Wm. Aug. Atlee,* for the appellant:

The mortgage, with the accompanying paper, does not ex-clude the note of April 23, 1887, one of the renewals of that of August 22, 1884. This renewal was indorsed by the mortgagee after the date of the mortgage. And the accompanying agree-ment expressly provides that the mortgagee shall satisfy the mortgage whenever the mortgagor shall pay any and all notes

upon which the mortgagee may be liable as indorser for him at his request.

Mr. *Owen P. Bricker* and *Mr D. G. Eshleman*, for the appellee:

The indorsement of April 23, 1887, was but a renewal of an indorsement made of the original of August 22, 1884. The old consideration remained. Moreover, the Lancaster Co. N. Bank had no transfer of the mortgage as a collateral security; only a transfer of the mortgagee's interest in the fund for distribution. Besides, in Ashton's App., 73 Pa. 162, SHARSWOOD, J., says: " A creditor who takes a mortgage, or note or other chose in action only as security for a pre-existing indebtedness and not for money advanced at the time, is not a purchaser:" Petrie v. Clark, 11 S. & R. 377; Irwin v. Tabb, 17 S. & R. 419; Hartman v. Dowdel, 1 R. 282; Twelves v. Williams, 3 Wh. 485; Depeau v. Waddington, 6 Wh. 220; Trotter v. Shippen, 2 Pa. 358; Ludwig v. Highley, 5 Pa. 139; Kirkpatrick v. Muirhead, 16 Pa. 123.

OPINION, MR. JUSTICE WILLIAMS:

This case depends upon the construction of the receipt or certificate of date of February 21, 1885. It was given by Henry F. Herr to show the terms upon which he held the mortgage for $4,000 given by Benjamin G. Herr to him on the same day. It is as follows: " Whereas, Benjamin G. Herr has this day delivered to me a mortgage . . . for four thousand dollars; now this is to certify that I hold said mortgage as collateral security for my indorsement of a note of said Benjamin G. Herr for $1,050, dated this day . . . and for my indorsement of any renewal or renewals of said note, and also for my indorsement or indorsements of any other notes, or renewal of such note or notes hereafter to be made by me. And I promise and agree to satisfy said mortgage whenever the said Benjamin G. Herr pays any and all notes upon which I may be liable as indorser for him, at his request."

The question now raised is whether a note indorsed after the date of said mortgage and certificate is deprived of the protection of the mortgage, because it was used to pay or renew a note outstanding when the arrangement was made. No such condition is to be found in the certificate. That asserts that the mortgage is held as security " for my indorsement or in-

dorsements of any other notes . . . . . hereafter to be made by me," and also for the renewal of such notes. The only requisite is that the indorsement should be made after the date of the certificate. The note now in controversy was given after the mortgage and certificate were made, and was indorsed by Henry F. Herr. It was used to pay or renew a note previously given, because the maker, Benjamin G. Herr, did not take it up at maturity. The learned auditor, instead of looking at the date of the indorsement upon the note in controversy, fixed his attention upon the date of a note which is said to be the first of the series of which the note now under consideration is the last. Because the debt was contracted prior to the date of the mortgage, he excluded this indorsement made after its date. The court below followed the auditor and confirmed the report.

We cannot agree to the interpolation into the certificate of terms not written down at the time. The only requirement to participation in the security afforded by the mortgage is that the indorsement shall be made after the date of the arrangement for the security of the indorser. When the debt was contracted, or upon what consideration, are not subjects of inquiry. The one question is, when was the indorsement, under which a claim is presented, actually made?

The intention of the parties appears not only in the words of the certificate to which attention has been drawn, but also in the concluding clause : " And I promise and agree to satisfy said mortgage whenever the said Benjamin G. Herr pays any and all notes upon which I may be liable as indorser for him." The security was intended to cover all future indorsements and to be satisfied only when the liabilities of Henry F. Herr, as indorser for Benjamin, were extinguished by the actual payment of the notes bearing his indorsement. The note presented to the auditor in this case was unpaid. Henry F. Herr was liable upon it as indorser, and was actually looked to for its payment. The indorsement was made long after the date of the mortgage. It was within both the letter and the spirit of the arrangement shown by the certificate, and should have been allowed as a claim upon the fund.

> The decree confirming the report of the auditor is reversed, and it is ordered that the same be modified by allowing the claim of the appellant upon the note excluded by the auditor.